**25-4958**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Securities and Exchange Commission,
*Plaintiff-Appellee,*

v.

James E. Franklin II, individually and as Trustee of Avalon
Trust,
*Defendant-Appellant.*

On Appeal from the United States District Court for the
Southern District of California

## BRIEF FOR THE SECURITIES AND EXCHANGE COMMISSION, APPELLEE

J. RUSSELL MCGRANAHAN
*General Counsel*

DANIEL STAROSELSKY
*Assistant General Counsel*

BROOKE WAGNER
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-5292 (Wagner)
wagnerbr@sec.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... iii

COUNTERSTATEMENT OF JURISDICTION ...................................... 1

COUNTERSTATEMENT OF THE ISSUES ........................................... 1

COUNTERSTATEMENT OF THE CASE ................................................ 2

    A.    Twenty years ago, a jury found Franklin liable for violating the securities laws and this Court affirmed ........... 2

    B.    The Commission barred Franklin from participating in any penny stock offering and the D.C. Circuit denied Franklin's petition for review. .............................................. 4

    C.    The district court denied Franklin's motions to vacate the judgment and penny stock bar. ....................................... 5

    D.    Franklin appealed to this Court. ........................................... 6

STANDARD OF REVIEW ...................................................................... 7

SUMMARY OF ARGUMENT .................................................................. 7

ARGUMENT ........................................................................................... 8

I.    The district court acted within its discretion in denying Franklin's motion to vacate the Commission-ordered penny stock bar. .......................................................................................... 8

    A.    Rule 60(b) authorizes relief from district court judgments, not Commission orders. ....................................... 9

    B.    In any event, Franklin's arguments about the penny stock bar are meritless. ........................................................ 12

        1.    The cases cited by Franklin provide no basis for relief. ........................................................................ 12

2. Franklin's dissatisfaction with his penny stock bar provides no basis for relief. ........................................... 16

II. The district court acted within its discretion in denying Franklin's motion to vacate the 2005 final judgment. ................... 20

    A. Franklin's allegations of purported misconduct are untimely and meritless. ....................................................... 20

    B. Franklin's belated complaints about the underlying judgment provide no basis for relief. .................................... 26

III. Franklin's remaining arguments are unavailing. ......................... 28

CONCLUSION ............................................................................... 30

CERTIFICATE OF COMPLIANCE

STATEMENT OF RELATED CASES

CERTIFICATE OF SERVICE

ii

# TABLE OF AUTHORITIES

**Cases**                                                       **Page(s)**

*AAA Nev. Ins. Co. v. Buenaventura,*
  644 F. App'x 775 (9th Cir. 2016) ...................................................... 19

*Aaron v. SEC,*
  446 U.S. 680 ..................................................................... 26, 28

*Alaska Airlines, Inc. v. United Airlines, Inc.,*
  948 F.2d 536 (9th Cir. 1991) ............................................................ 12

*Altman v. SEC,*
  687 F.3d 44 (2d Cir. 2012) ............................................................... 10

*Anderson v. City of Bessemer City,*
  470 U.S. 564 (1985) ...................................................................... 29

*Axon Enterprise, Inc. v. FTC,*
  598 U.S. 175 (2023) .................................................................. 10, 11

*Bartko v. SEC,*
  845 F.3d 1217 (D.C. Cir. 2017) ....................................................... 12, 15

*Bernal v. S. Pac. Transp. Co.,*
  123 F. App'x 295 (9th Cir. 2005) ....................................................... 29

*Bohon v. FERC,*
  92 F.4th 1121 (D.C. Cir. 2024) .......................................................... 11

*Bohon v. FERC,*
  144 S. Ct. 2563 (2024) ................................................................... 11

*Buckley v. BMW of N. Am.,*
  2022 WL 16756341 (9th Cir. Nov. 8, 2022) ....................................... 25

*Casey v. Albertson's Inc.,*
  362 F.3d 1254 (9th Cir. 2004) ......................................... 7, 23, 25, 27

*CFPB v. Wen,*
  2025 WL 2254521 (9th Cir. Aug. 7, 2025) ......................................... 14

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*,
  833 F.2d 208 (9th Cir. 1987) ............................................................. 25

*Coleman v. Adams*,
  669 F. App'x 880 (9th Cir. 2016) ....................................................... 21

*Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro
  Auto., LLC*, 607 U.S. —, 2026 WL 135998 (U.S. Jan. 20, 2026) ....... 21

*Corner Post, Inc. v. Board of Governors of Federal Reserve System*,
  603 U.S. 799 (2024) ........................................................................... 16

*Cotterill v. City & Cnty. of San Francisco*,
  2025 WL 484697 (9th Cir. Feb. 13, 2025) ......................................... 27

*Feature Realty, Inc. v. City of Spokane*,
  331 F.3d 1082 (9th Cir. 2003) ........................................................... 25

*Franklin v. SEC*,
  285 F. App'x 761 (D.C. Cir. 2008) ........................................... 5, 10, 19

*Genovese v. SEC*,
  2026 WL 446219 (S.D.N.Y. Feb. 17, 2026) ........................... 14–15, 17

*Greisen v. Hanken*,
  925 F.3d 1097 (9th Cir. 2019) ........................................................... 13

*Harvest v. Castro*,
  531 F.3d 737 (9th Cir.), *as amended* (July 9, 2008) ......................... 7

*Hubbard v. Sheffield*,
  669 F. App'x 443 (9th Cir. 2016) ....................................................... 29

*Hudson v. United States*,
  522 U.S. 93 (1997) ............................................................................. 17

*In re Cellular 101, Inc.*,
  539 F.3d 1150 (9th Cir. 2008) ........................................................... 19

*Indep. Towers of Wash. v. Washington*,
  350 F.3d 925 (9th Cir. 2003) ............................................................. 26

*Jarkesy v. SEC*,
  34 F.4th 446 (5th Cir. 2022) ............................................................. 14

iv

*Koch v. SEC,*
177 F.3d 784 (9th Cir. 1999) ............................................................ 15

*LEEP, Inc. v. Zielke,*
2024 WL 4212335 (9th Cir. Sept. 17, 2024) ..................................... 25

*Loper Bright Enters. v. Raimondo,*
603 U.S. 369 (2024) ................................................................... 26, 27

*Lynch v. Blodgett,*
999 F.2d 401 (9th Cir. 1993) ............................................................ 27

*Lyon v. Agusta S.P.A.,*
252 F.3d 1078 (9th Cir.), *as amended* (July 9, 2001) ....................... 21

*MacDonald v. Grace Church Seattle,*
457 F.3d 1079 (9th Cir. 2006) .......................................................... 13

*Marroquin v. City of Los Angeles,*
112 F.4th 1204 (9th Cir. 2024) .................................................... 7, 20

*Martinez v. Shinn,*
33 F.4th 1254 (9th Cir. 2022) ............................................................ 7

*Morrison v. Nat'l Austl. Bank Ltd.,*
561 U.S. 247 (2010) ................................................................... 26, 28

*Openiano v. Hartford Life & Annuity Ins. Co.,*
829 F. App'x 829 (9th Cir. 2020) ..................................................... 29

*SEC v. Coldicutt,*
258 F.3d 939 (9th Cir. 2001) ............................................................ 17

*SEC v. Franklin,*
265 F. App'x 646 (9th Cir. 2008) .................................................... 1, 3

*SEC v. Gellas,*
1 F. Supp. 2d 333 (S.D.N.Y. 1998) .................................................... 9

*SEC v. Gellas,*
182 F.3d 901 (2d Cir. 1999) ............................................................... 9

*SEC v. Gentile,*
939 F.3d 549 (3d Cir. 2019) ............................................................. 15

*SEC v. Jarkesy,*
  603 U.S. 109 (2024) ....................................................... 12, 13, 14

*SEC v. Sripetch,*
  No. 25-466 (U.S. Jan. 9, 2026) ......................................... 16

*Smith v. Marsh,*
  194 F.3d 1045 (9th Cir. 1999) .......................................... 27

*Sztrom v. SEC,*
  2026 WL 61262 (D.D.C. Jan. 8, 2026) ............................... 11

*Talib v. Nicholas,*
  858 F. App'x 245 (9th Cir. 2021) ...................................... 13

*Timbs v. Indiana,*
  586 U.S. 146 (2019) ........................................................ 17

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.,*
  31 F.4th 1124 (9th Cir. 2022) .......................................... 21

*United States v. Bajakajian,*
  524 U.S. 321 (1998) ........................................................ 17

*United States v. Chapman,*
  642 F.3d 1236 (9th Cir. 2011) .......................................... 22

*United States v. Est. of Stonehill,*
  660 F.3d 415 (9th Cir. 2011) ............................................ 22

*United States v. Merriam,*
  108 F.3d 1162 (9th Cir. 1997) .......................................... 17

*Wapnick v. United States,*
  1996 WL 636106 (E.D.N.Y. July 31, 1996) ......................... 9

*Wapnick v. United States,*
  112 F.3d 74 (2d Cir. 1997) .............................................. 9

vi

**Statutes**

Securities Act of 1933, 15 U.S.C. §§ 77a, *et seq.*

    Section 5(a), 15 U.S.C. § 77e(a) ........................................................ 3

    Section 5(c), 15 U.S.C. § 77e(c) ........................................................ 3

    Section 17(a), 15 U.S.C. § 77q(a) ..................................................... 3

    Section 17(b), 15 U.S.C. § 77q(b) ..................................................... 3

    Section 20(b), 15 U.S.C. § 77t(b) ...................................................... 1

    Section 20(d), 15 U.S.C. § 77t(d) ...................................................... 1

    Section 22(a), 15 U.S.C. § 77v(a) ..................................................... 1

Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.*

    Section 10(b), 15 U.S.C. § 78j(b) ...................................................... 3

    Section 15(b)(6), 15 U.S.C. § 78o(b)(6) ................................... 4, 15, 18

    Section 21(d)(3)(A), 15 U.S.C. § 78u(d)(3)(A) ..................................... 1

    Section 21(d)(6), 15 U.S.C. § 78u(d)(6) ............................................. 15

    Section 21(e), 15 U.S.C. § 78u(e) ...................................................... 1

    Section 25(a), 15 U.S.C. § 78y(a) ..................................................... 10

    Section 25(a)(1), 15 U.S.C. § 78y(a)(1) ............................................. 10

    Section 27, 15 U.S.C. § 78aa ............................................................. 1

28 U.S.C. § 1291 ....................................................................................... 1

Securities Enforcement Remedies and Penny Stock Reform Act
    of 1990, Pub. L. No. 101–429, 104 Stat. 931 ..................................... 15

**Rules and Regulations**

Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5 .................................... 3

Federal Rule of Appellate Procedure 28(j) ........................................... 16

Federal Rule of Civil Procedure 60(b) ......................................... *passim*

Federal Rule of Civil Procedure 60(b)(2) ............................................. 20

Federal Rule of Civil Procedure 60(b)(3) ................................. 20, 21, 23

Federal Rule of Civil Procedure 60(b)(6) .............................................. 21

Federal Rule of Civil Procedure 60(c)(1) ........................................ 19, 21

Southern District of California Civil Rule 7.1(d)(1) ....................... 28, 29

## Other Authorities

*Applications for Reentry*, SEC,
   https://www.sec.gov/enforcement-litigation/applications-reentry
   (last updated Apr. 21, 2025) .............................................................. 11

*James E. Franklin*, Exchange Act Release No. 56649,
   2007 WL 2974200 (Oct. 12, 2007) ........................................... *passim*

## COUNTERSTATEMENT OF JURISDICTION

The district court had jurisdiction over this civil law enforcement action brought by the Securities and Exchange Commission (the "Commission" or "SEC") pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d), 77v(a), and Sections 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78u(d)(3)(A), 78u(e), 78aa. 3-SER-286. After a jury found Franklin liable for violating the securities laws, the district court entered a final judgment against him in December 2005. 1-SER-5. Franklin appealed, and this Court affirmed the judgment in January 2008. *SEC v. Franklin*, 265 F. App'x 646 (9th Cir. 2008). In April 2025, Franklin moved to vacate the judgment under Federal Rule of Civil Procedure 60(b). 3-SER-175. The district court denied relief on July 30, 2025, and Franklin filed a timely notice of appeal from the denial. 1-SER-2, 3-SER-328. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## COUNTERSTATEMENT OF THE ISSUES

1.      Whether the district court acted within its discretion in denying Franklin's Rule 60(b) motion for relief from an administrative

penny stock bar ordered by the Commission in a separate administrative proceeding nearly twenty years ago.

2. Whether the district court acted within its discretion in denying Franklin's Rule 60(b) motion for relief from the final judgment issued by the district court nearly twenty years ago.

3. Whether Franklin's grievances with the district court's management of his Rule 60(b) motions provide any basis to reopen the decades-old judgment entered against him.

## COUNTERSTATEMENT OF THE CASE

### A. Twenty years ago, a jury found Franklin liable for violating the securities laws and this Court affirmed.

The Commission brought a civil enforcement action against Franklin on January 14, 2002, more than twenty-four years ago. It alleged that Franklin and his co-defendants orchestrated an elaborate pump-and-dump securities fraud scheme from 1997 to 1998 through a website called "Red Hot Stocks." 3-SER-286–93 at ¶¶ 1–22. As alleged, Franklin set up the Red Hot Stocks website; arranged to acquire stock of companies profiled on the website at a nominal cost; then sold the stock at increased prices following publication of false and misleading

company "profiles" on the Red Hot Stocks website. 3-SER-289–91, 293–308 at ¶¶ 11–14, 21–64.

After a three-week trial in late 2005, a jury found that Franklin committed securities fraud in violation of Sections 17(a) and (b) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and that he sold securities in unregistered transactions in violation of Sections 5(a) and (c) of the Securities Act. 3-SER-274. Following an evidentiary hearing, the district court entered final judgment against Franklin on December 15, 2005, permanently enjoining him from future violations of the securities laws and ordering him to pay a $770,000 civil penalty. 3-SER-271, 1-SER-5.

Franklin appealed the final judgment to this Court. *SEC v. Franklin*, 265 F. App'x 644, 646 (9th Cir. 2008). In 2008, the Court rejected Franklin's challenges to the jury instructions, various evidentiary rulings at trial, and the denial of his motion for judgment as a matter of law, and it affirmed the judgment. *Id.*

**B.    The Commission barred Franklin from participating in any penny stock offering and the D.C. Circuit denied Franklin's petition for review.**

Following entry of the final judgment, on March 6, 2006, the Commission instituted administrative proceedings against Franklin to determine whether he had participated in a penny stock offering in violating the securities laws and, if so, what remedial action would be appropriate in the public interest. *James E. Franklin*, Exchange Act Release No. 56649, 2007 WL 2974200, at *3 (Oct. 12, 2007); *see* 15 U.S.C. § 78o(b)(6) (authorizing the Commission to censure, restrict, suspend, or bar a person from participating in a penny stock offering if the person has been, among other things, enjoined from relevant conduct and was participating in a penny stock offering at the time of the misconduct in the injunctive proceeding).

The Commission issued an order barring Franklin from participation in any penny stock offering in October 2007. *James E. Franklin*, 2007 WL 2974200, at *9. Explaining that Franklin's violations were egregious, recurrent, and done with a high degree of scienter, the Commission found a penny stock bar in the public interest and necessary to protect investors from Franklin, who expressed an

4

interest in continuing to work in the securities industry. *Id.* at *7–8. In doing so, the Commission rejected Franklin's arguments, *inter alia*, that Commission staff had engaged in misconduct in connection with the underlying enforcement action and that the district court's choice of remedies should control the Commission's imposition of remedies. *Id.* at *4–6.

Franklin petitioned the D.C. Circuit for review of the Commission's order. *Franklin v. SEC*, 285 F. App'x 761 (D.C. Cir. 2008) (per curiam). The D.C. Circuit denied the petition, explaining, *inter alia*, that Franklin could not collaterally attack the district court injunction in the Commission proceeding and that his "claims of Enforcement Division misconduct" did not support a defense of "unclean hands" against the agency. *Id.*

**C.    The district court denied Franklin's motions to vacate the judgment and penny stock bar.**

On April 14, 2025—over seventeen years after this Court affirmed the final judgment—Franklin filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b). 3-SER-175. In eleven different filings citing various provisions of the Rule, Franklin sought to relitigate his 2005 jury trial, questioned the propriety of the

5

district court's injunction, and repeated his earlier allegations of purported misconduct by Commission staff. *See* 3-SER-175, 2-SER-152, 144, 122, 111, 95, 90, 80, 32, 21, 15. He also filed a separate motion to vacate the Commission's penny stock bar. 2-SER-130.

The Commission opposed, arguing that Franklin's motions were untimely, made arguments previously raised and rejected, and offered no extraordinary circumstances warranting relief from judgment. 2-SER-46. It also explained that the Commission's 2007 order imposing a penny stock bar could not be collaterally challenged by a Rule 60(b) motion in district court. *Id.* "Having thoroughly considered all of the parties' briefs and the record in this case," the district court denied Franklin's Rule 60(b) motions on July 30, 2025, "for all of the reasons set out in Plaintiff's response." 1-SER-2.

### D. Franklin appealed to this Court.

Franklin appealed to this Court and moved to proceed *in forma pauperis*. Dkt. 1, 11. The Court issued an order requiring Franklin to explain why the appeal was not frivolous, to which Franklin and the Commission responded. Dkt. 12, 13, 15, 19. The Court subsequently concluded that the appeal involves non-frivolous issues, granted

6

Franklin's motion to proceed *in forma pauperis*, and directed further briefing.  Dkt. 21.

## STANDARD OF REVIEW

"Rule 60(b) enables courts to grant relief from judgment to parties based on certain substantive errors." *Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1215 (9th Cir. 2024).  The "court's power to vacate judgments under Rule 60(b)" must be "balanced against the strong public interest in the timeliness and finality of judgments." *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (per curiam) (citation modified); *see also, e.g.*, *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir.), *as amended* (July 9, 2008) ("We have cautioned that this Rule is to be used sparingly . . . to prevent manifest injustice . . . ." (citation modified)).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## SUMMARY OF ARGUMENT

The district court acted within its discretion in denying Franklin's request for Rule 60(b) relief.  The district court appropriately rejected Franklin's attempt to vacate the penny stock bar ordered by the

7

Commission in a separate administrative proceeding, as Rule 60(b) provides for relief from judicial judgments and orders, not orders issued by the Commission. Even were such relief available, Franklin has failed to justify it, as the cases he cites have no bearing on the imposition of a penny stock bar and his criticisms of the bar are unfounded and untimely. Franklin's motion to vacate the district court's judgment fares no better: his request for relief due to purported fraud is both time-barred and substantively deficient, based on information possessed by Franklin for years, and his efforts to relitigate the underlying judgment fall flat. His assorted challenges to the conduct of the district court in adjudicating his Rule 60(b) motions likewise offer no reason to alter the decades-old judgment. The Court should accordingly affirm the district court's denial of Franklin's Rule 60(b) motions.

## ARGUMENT

**I. The district court acted within its discretion in denying Franklin's motion to vacate the Commission-ordered penny stock bar.**

On appeal, Franklin primarily contests the district court's denial of his motion to vacate the penny stock bar that the Commission

8

ordered (and the D.C. Circuit sustained) in a separate, administrative proceeding. Dkt. 9 at 7–10, 15–19; Dkt. 13 at 3–4. Franklin's efforts to collaterally and belatedly attack this remedial bar are procedurally improper and substantively meritless.

### A. Rule 60(b) authorizes relief from district court judgments, not Commission orders.

At the outset, as the Commission explained and the district court properly concluded below, Franklin cannot challenge the Commission's penny stock bar by means of a Rule 60(b) motion in this district court action. Rule 60(b), "by its very terms, applies to judgments and orders in civil cases before federal district courts. It does not apply to administrative actions taken by agencies of the federal government." *Wapnick v. United States*, 1996 WL 636106, at *3 (E.D.N.Y. July 31, 1996) (citation modified), *aff'd*, 112 F.3d 74 (2d Cir. 1997) (per curiam); *see also, e.g.*, *SEC v. Gellas*, 1 F. Supp. 2d 333, 335–36 (S.D.N.Y. 1998) (rejecting Rule 60(b) motion to vacate penny stock bar because "Rule 60(b) appears not to apply to final orders of administrative agencies such as the SEC"), *aff'd*, 182 F.3d 901 (2d Cir. 1999).

Review of the Commission's 2007 final order imposing a penny stock bar is instead vested in the courts of appeals under the terms laid

9

out in the Exchange Act, which requires a petition for review to be filed within 60 days. 15 U.S.C. § 78y(a)(1) ("A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court[s] of Appeals . . . by filing in such court, within sixty days after the entry of the order, a [petition for review].")); *see, e.g.*, *Altman v. SEC*, 687 F.3d 44, 45–46 (2d Cir. 2012) (per curiam) (affirming that 15 U.S.C. § 78y(a) "suppl[ies] the jurisdictional route that [a litigant] must follow to challenge the SEC action" debarring him). Indeed, Franklin timely sought such review of the Commission's penny stock bar in the D.C. Circuit, and that court denied his petition. *Franklin*, 285 F. App'x 761. Franklin may not circumvent this statutory scheme by filing a Rule 60(b) motion seventeen years later in a different district court action.

*Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), does not alter this conclusion. *Contra* Dkt. 19 at 22–23. *Axon* permits certain district court challenges to "ongoing" administrative proceedings—not to "final" Commission orders, which are reviewable only in an appropriate court of appeals. 598 U.S. at 181, 190–91; *see also id.* at 210 (Gorsuch, J., concurring) (distinguishing review of final Commission orders from

10

review of pending administrative proceedings); *Bohon v. FERC*, 92 F.4th 1121, 1123 (D.C. Cir.) ("[T]he *Axon* plaintiffs sued *before* there was an agency order to challenge."), *cert. denied*, 144 S. Ct. 2563 (2024) (mem.). Moreover, *Axon* does not support district court jurisdiction over Seventh Amendment challenges such as those Franklin asserts here. *See, e.g.*, *Sztrom v. SEC*, 2026 WL 61262, at *3 (D.D.C. Jan. 8, 2026); *contra* Dkt. 19 at 22–25. Franklin resists this conclusion but identifies no precedent supporting the exercise of district court jurisdiction over such a final agency order issued decades ago.

Rather, if Franklin wishes to obtain relief from the penny stock bar because he contends it is not (or no longer) warranted (Dkt. 9 at 15–18), the appropriate vehicle for such a request is an application to the Commission for consent to participate in offerings of penny stock, not a Rule 60(b) motion in district court. *See, e.g.*, *Applications for Reentry*, SEC, https://www.sec.gov/enforcement-litigation/applications-reentry (last updated Apr. 21, 2025). The Court should accordingly reject Franklin's Rule 60(b) challenge to the penny stock bar as procedurally improper.

11

> **B.** **In any event, Franklin's arguments about the penny stock bar are meritless.**

Even assuming Franklin could seek Rule 60(b) relief from his penny stock bar in the district court (which he cannot), he has provided no basis for such relief.[1]

> **1.** **The cases cited by Franklin provide no basis for relief.**

Franklin first seeks vacatur of the penny stock bar on the ground that it "violates *SEC v. Jarkesy*, [603 U.S. 109 (2024),] . . . and *Bartko v. SEC*, 845 F.3d 1217 (D.C. Cir. 2017)." Dkt. 13 at 3; *see also* Dkt. 9 at 4. Those arguments, however, were not properly raised below: Franklin did not mention *Jarkesy* until a surreply (his eleventh filing) before the district court,[2] 2-SER-15, and never discussed *Bartko*. The arguments thus should not be considered by the Court. *See, e.g., Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("It is well established that an appellate court will not reverse a district court

---

[1] Franklin does not specify which provision of Rule 60(b) he invokes, but regardless of the particular provision at issue, he is not entitled to relief for the reasons discussed below.

[2] Even then, Franklin appears to have argued that, under *Jarkesy*, his Seventh Amendment rights were violated because a nine-, rather than twelve-, person, jury found him liable in the district court action, not that *Jarkesy* required vacatur of his penny stock bar. 2-SER-16.

on the basis of a theory that was not raised below."); *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) (finding argument raised for the first time in a reply brief was "not *properly* raised before the district court" and "therefore[] is waived" on appeal (citation modified)).

Seeking to avoid this conclusion, Franklin maintains that his arguments concerning *Jarkesy* cannot have been waived because "constitutional claims . . . can be raised for the first time on appeal" and because *Jarkesy* was decided only "one month before the district court's July 30, 2024 order," such that the district court had no opportunity to consider it. Dkt. 19 at 4–5. Neither contention is correct. Courts regularly decline to consider constitutional challenges that an appellant failed to raise below. *See, e.g.*, *Talib v. Nicholas*, 858 F. App'x 245 (9th Cir. 2021) ("declin[ing] to consider the constitutional right to travel claim raised for the first time on appeal"); *cf., e.g.*, *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1086 (9th Cir. 2006) (explaining that the Court may—but is not required to—consider an issue not raised below only if one of "three narrow circumstances" is satisfied). And Franklin mistakes the calendar: the district court issued its decision here on July 30, 2025—one month *and one year* after the Supreme Court decided

13

*Jarkesy* in June 2024. Franklin had ample opportunity to discuss *Jarkesy* in his April 2025 motion for relief, but failed to do so. The Court should accordingly decline to consider his arguments concerning *Jarkesy* now.

His arguments are meritless, in any event, as *Jarkesy* has no bearing on Franklin's attempt to undo his penny stock bar. *Jarkesy* addressed "whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." 603 U.S. at 120.[3] It does not affect the Commission's imposition of a remedial penny stock bar without any civil penalty. As the Fifth Circuit explained in the decision that the Supreme Court affirmed in *Jarkesy*, a "ban . . . from participation in securities industry activities" is an "equitable remed[y]" not requiring a jury trial. *Jarkesy v. SEC*, 34 F.4th 446, 454 (5th Cir. 2022); *see also, e.g.*, *Genovese v. SEC*, 2026 WL

---

[3] Contrary to Franklin's assertions, *Jarkesy* did not hold that a jury trial is required any time "the government seeks to impose *any* sanctions for fraud," nor that any decision incorporating a finding of scienter "requires a jury determination." Dkt. 19 at 7; *cf. CFPB v. Wen*, 2025 WL 2254521, at *2 n.4 (9th Cir. Aug. 7, 2025) (affirming, post-*Jarkesy*, that a defendant has "no right to a jury trial to determine the amount of a civil penalty," a determination that includes, *inter alia*, findings concerning the defendant's scienter).

14

446219, at *5 n.7 (S.D.N.Y. Feb. 17, 2026) ("[D]ebarment is an equitable form of relief to which the Seventh Amendment does not apply."); *cf. also SEC v. Gentile*, 939 F.3d 549, 565 (3d Cir. 2019) ("[Section] 78u(d)(6) penny stock bars are injunctive in nature.").[4]

Franklin's arguments about *Bartko* are equally meritless.  *Bartko* considered the retroactive application of collateral bars first authorized by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.  845 F.3d at 1220, 1223.  But the penny stock bar at issue here was imposed in 2007, well before the Dodd-Frank Act, under different and preexisting statutory authority that predated Franklin's violative conduct.  *See James E. Franklin*, 2007 WL 2974200, at *3 (imposing penny stock bar under 15 U.S.C. § 78o(b)(6)); Securities Enforcement Remedies and Penny Stock Reform Act of 1990, Pub. L. No. 101–429, sec. 504, § 15(b)(6), 104 Stat. 931, 952–53 (adding relevant provision of Section 15(b)); *Koch v. SEC*, 177 F.3d 784, 785 (9th Cir. 1999) (holding that a penny stock bar under § 78o(b)(6) could not be imposed retroactively for conduct *pre-dating October 1990*).  The answer to

---

[4] To the extent that Franklin suggests his penny stock bar was impermissibly punitive, that contention also fails, *see infra* 16–19.

15

Franklin's question "whether *this respondent* could have anticipated *this remedy* for *this conduct* in 1998," Dkt. 19 at 10, is plainly yes.

Finally, in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j), Franklin argues that the Supreme Court's decision in *Corner Post, Inc. v. Board of Governors of Federal Reserve System*, 603 U.S. 799 (2024), and its grant of certiorari in *SEC v. Sripetch*, No. 25-466 (Jan. 9, 2026), support vacatur of his penny stock bar. Dkt. 23. Again, however, neither case bears on that request for relief. As Franklin himself states, *Corner Post* concerns the circumstances under which "an APA claim accrues" and *Sripetch* concerns the circumstances under which the SEC may seek, and courts may award, disgorgement. Dkt. 23 at 2. Neither speaks to the imposition of penny stock bars, let alone offers any reason to reopen the penny stock bar at issue here.

### 2. Franklin's dissatisfaction with his penny stock bar provides no basis for relief.

The Court should also reject Franklin's argument that his penny stock bar must be vacated because it is punitive, excessive, or a "double

punishment" in light of the district court judgment against him.[5]  Dkt. 9 at 7–10, 15–19; Dkt. 13 at 4.

In particular, Franklin asserts that "[b]y imposing a lifetime occupational bar [after the district court judgment], the SEC violated both double jeopardy principles and the Eighth Amendment's prohibition on excessive fines."  Dkt. 9 at 19.  But such industry bars do not implicate the Double Jeopardy Clause.  *See, e.g.*, *Hudson v. United States*, 522 U.S. 93, 105 (1997) (Double Jeopardy Clause does not apply to "debarment" imposed in OCC administrative proceeding); *United States v. Merriam*, 108 F.3d 1162, 1165 (9th Cir. 1997) (SEC "lifetime bars" do not support double jeopardy claims because they "are remedial and do not constitute punishment"); *Genovese*, 2026 WL 446219, at *6 (SEC "debarment via follow-on administrative proceedings" "does not implicate the Double Jeopardy Clause" because "debarment is a civil

---

[5] To the extent Franklin's challenge to the penny stock bar incorporates a challenge to the district court's injunction against future securities law violations, that challenge also fails.  Among other things, contrary to Franklin's assertions, the mere assertion that a defendant has not violated an injunction for a period of years does not require modification of the injunction, particularly where, as here, the defendant continues to deny responsibility for any wrongdoing and maintains that participating in the securities industry is his "lawful profession."  2-SER-90, 111, 32; *see SEC v. Coldicutt*, 258 F.3d 939, 942 (9th Cir. 2001).

17

sanction, not a criminal punishment"). Nor do such bars implicate the Eighth Amendment. *See, e.g.*, *United States v. Bajakajian*, 524 U.S. 321, 327–28 (1998) (Eighth Amendment "limits the government's power to extract *payments*, whether in cash or in kind, as punishment," not to impose remedial measures (emphasis added) (citation modified)); *Timbs v. Indiana*, 586 U.S. 146, 154 (2019) (cited by Franklin) (Eighth Amendment secures "[p]rotection against excessive punitive *economic* sanctions" (emphasis added)). And Franklin's complaint that the penny stock bar is "duplicative" or "excessive" because it is "layered" on top of the district court judgment (Dkt. 9 at 7, 15, 19) is belied by the statutory scheme, which envisions imposition of a penny stock bar to protect the public interest after, and in addition to, a prior proceeding, conviction, or injunction concerning the relevant conduct. 15 U.S.C. § 78o(b)(6).

Franklin's complaints about the supposedly duplicative or disproportionate nature of his penny stock bar also fail for the independent reason that they are decades late. Indeed, they were already advanced—and rejected—in the Commission's administrative proceeding. *See, e.g.*, *James E. Franklin*, 2007 WL 2974200, at \*6–7

18

(rejecting argument that "that the Commission should fully defer to the district court's decision" on remedies (citation modified)); *id.* at \*8 (rejecting argument that a bar is excessive because Franklin's "livelihood already has been ruined" and instead finding a bar "necessary to protect the public interest" (citation modified)). Franklin had the opportunity to raise such arguments to the D.C. Circuit in his petition for review of the Commission's order, but failed to properly do so. *See Franklin*, 285 F. App'x at 761. This Court "need not and do[es] not consider a new contention that could have been but was not raised on [a] prior appeal." *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008). And Franklin offers no explanation for waiting over seventeen years to seek judicial review of these arguments, nor could he. Such a delay alone is fatal to the relief he seeks. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."); *see, e.g.*, *AAA Nev. Ins. Co. v. Buenaventura,* 644 F. App'x 775, 776–77 (9th Cir. 2016) (finding abuse of discretion to deem motion made within a reasonable time where it was filed almost three years after entry of judgment and "did not rely on any previously unknown

19

facts"). The district court thus appropriately denied Franklin's motion to vacate his penny stock bar.

## II. The district court acted within its discretion in denying Franklin's motion to vacate the 2005 final judgment.

### A. Franklin's allegations of purported misconduct are untimely and meritless.

Franklin next argues that the district court should have vacated the 2005 final judgment entered against him in light of supposedly "[n]ewly discovered fraud evidence" of alleged misconduct by SEC attorneys. Dkt. 13 at 2; Dkt. 9 at 10–14 (claiming that SEC attorneys "leak[ed] confidential investigation materials" and engaged in other "misconduct designed to circumvent normal discovery rules"). This request for relief likewise founders on multiple grounds.

First and foremost, it too is time-barred. Franklin's request for vacatur due to purported fraud is governed by Rule 60(b)(3), which allows relief based on fraud, misrepresentation, or misconduct by an opposing party.[6] Fed. R. Civ. P. 60(b)(3). But motions "under Rule

---

[6] To the extent Franklin below invoked Rule 60(b)(2), by asserting that documents concerning this "fraud" were "newly discovered" "in Franklin's stored case file," 3-SER-175, that provision is inapposite. *See Marroquin,* 112 F.4th at 1216 ("[A] district court should consider a Rule 60(b) motion under the subsection that most naturally applies to the

60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); *see, e.g., Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1135 (9th Cir. 2022); *cf. Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. —, 2026 WL 135998, at \*3 (U.S. Jan. 20, 2026) (Rule 60(c)'s "reasonable time" limitation applies even to motions for relief from allegedly void judgments, as there is no "principle requiring courts to keep their doors perpetually open" to motions to reopen judgments). Because Franklin filed this motion nearly twenty years after judgment was entered against him, the district court properly denied Rule 60(b)(3) relief as time-barred. *See, e.g., Coleman v. Adams*, 669 F. App'x 880, 881 (9th Cir. 2016) (affirming denial of motion for "relief under Rule 60(b)(3)"

---

motion's substance, regardless of the label used."). It affords no relief in any event, as such a claim is likewise time-barred, *see* Fed. R. Civ. P. 60(c)(1), and the "evidence" he cites is not "newly discovered," *see infra* 23–25. Nor may Franklin seek relief on this basis under Rule 60(b)(6), the Rule's catch-all provision. *See, e.g., Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088–89 (9th Cir.), *as amended* (July 9, 2001) ("The long-standing rule in this circuit is that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule. That must be so, if the one year limitation is not to be repealed by judicial fiat." (citation modified)).

filed "years after the statutory limitations period had expired" because "[i]t was therefore time-barred").

Franklin tries to avoid this time limitation by styling his claim as one of "fraud on the court," which he claims is "never time-barred." Dkt. 19 at 15. Even assuming such a claim could avoid Rule 60(c)'s time limitation, the misconduct he alleges falls far short of the stringent standard for "fraud on the court." *Compare, e.g., United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) ("fraud on the court" applies "only to fraud that defiles the court or is perpetrated by officers of the court," harms "the integrity of the judicial process," and "rises to the level of an unconscionable plan or scheme which is designed to improperly influence the court in its decision" (citation modified)), *and United States v. Est. of Stonehill*, 660 F.3d 415, 444–45 (9th Cir. 2011) ("fraud on the court" requires "more than perjury," "nondisclosure of evidence," or fraud "connected with the presentation of a case to a court"), *with* Dkt. 9 at 5 (alleging SEC "leak[ed] confidential investigation materials" and "ma[de] false statements" "about document destruction"). Franklin's motion was thus appropriately rejected as untimely.

22

Moreover, even if Franklin could overcome this 19-year delay (which he cannot), Rule 60(b)(3) relief would not have been warranted. To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct," that "the conduct complained of prevented the losing party from fully and fairly presenting [his] defense," and that any fraud was "not . . . discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (citation modified).

Assuming *arguendo* Franklin's unsupported allegations could establish "fraud" or "misconduct," they are hardly "[n]ewly discovered." Dkt. 13 at 2. To the contrary, as Franklin recounted below, the information was detailed in a letter from March 2004—before judgment was entered—from Franklin's former counsel to the SEC (on which Franklin is listed as a recipient), as well as an April 2004 letter and a June 2007 letter, all of which Franklin subsequently "found in [his own] stored case file" and had simply "not reviewed or understood . . . at the time they were written." 3-SER-179, 182; *see* 3-SER-228, 248, 251. Indeed, the same allegations were already raised (and rejected) in the

Commission's administrative proceeding nearly twenty years ago. *Compare, e.g.*, Dkt. 9 at 11 (complaining that SEC counsel "provided confidential Red Hot Stocks investigation details" to others), *with James E. Franklin*, 2007 WL 2974200, at *4 (addressing claim that "a Division staff member improperly disclosed the existence of a staff investigation into Red Hot Stocks"); Dkt. 9 at 12 (complaining that the SEC falsely "told federal courts that [he] had instructed attorney Brooksbank to send subpoenaed documents 'out of the country'"), *with James E. Franklin*, 2007 WL 2974200, at *5 (addressing claim that "Division staff made false statements to [courts] indicating that Franklin had instructed another defendant, Thomas R. Brooksbank, 'to send subpoenaed records out of the country'").

Franklin argues that his fraud claims are nevertheless "newly discovered" because the letters were "buried in thousands of pages of proceedings" and he has only now "discovered the *full extent* of the evidence." Dkt. 19 at 16; *cf. also* Dkt. 19 at 10–11 (averring the "evidence IS newly discovered" because "[t]hese specific evidentiary quotes and admissions were not compiled, presented to, or considered by the 2007 administrative proceeding" (citation modified)). Not so.

"Evidence in the possession of the party before the judgment was rendered is not newly discovered," *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation modified), and the "fact of possession also makes clear that [the party] did not use due diligence to discover" it, *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). Franklin's belated review of his "long-stored legal records" thus cannot justify Rule 60(b) relief. 3-SER-181; *see also, e.g.*, *LEEP, Inc. v. Zielke*, 2024 WL 4212335, at *2 (9th Cir. Sept. 17, 2024) (denying Rule 60(b) relief where party possessed banker's boxes of material it did not timely review, as such evidence was not "newly discovered" and the party "did not use due diligence to discover it"); *Buckley v. BMW of N. Am.*, 2022 WL 16756341, at *1 (9th Cir. Nov. 8, 2022) (affirming denial of Rule 60(b) relief where party "could have discovered the allegedly new evidence of fraud earlier through due diligence").

Nor can Franklin show that the alleged misconduct prevented him from presenting his defense. *Casey*, 362 F.3d at 1260. Rather, as the Commission observed in 2007, "Franklin has not demonstrated how any of his allegations of misconduct, even if true, might have prejudiced him

25

in his defense of either the injunctive action or the administrative proceeding," as "[n]othing the Division or its staff is alleged to have done prevented Franklin from putting forth his defenses to the injunctive action or to this proceeding." *James E. Franklin*, 2007 WL 2974200, at *4. The district court thus acted within its discretion in denying Franklin's request for relief on the basis of purported fraud.

## B.   Franklin's belated complaints about the underlying judgment provide no basis for relief.

In his surreply to this Court's October 2025 order, Franklin offers an additional series of complaints about the merits of the underlying judgment and cites various cases that he claims "undermine[] the judgment's foundation." Dkt. 19 at 7 (citation modified); *see id.* at 17–19 (asserting, *inter alia*, that the SEC failed to prove scienter or its "core liability theory"); *id.* at 7–8 (discussing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), *Aaron v. SEC*, 446 U.S. 680 (1980), and *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010)).

Because Franklin failed to advance these arguments in his opening brief, however, they have been forfeited and should not be considered on appeal. *See, e.g.*, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the Court "will not consider any

26

claims that were not actually argued in appellant's opening brief"); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (the Court will not consider "an argument raised for the first time in a *reply* brief").

Such "clear attempt[s] to relitigate . . . the merits of this case" should further be rejected "[a]s the merits of a case are not before the court on a Rule 60(b) motion." *Casey*, 362 F.3d at 1261; *see also, e.g.*, *Lynch v. Blodgett*, 999 F.2d 401, 403 n.1 (9th Cir. 1993) ("[R]eview of an appeal from a district court's denial of a Rule 60(b) motion . . . is limited to the new grounds raised in the motion itself and does not reach the merits of the underlying judgment."); *Cotterill v. City & Cnty. of San Francisco*, 2025 WL 484697, at *2 (9th Cir. Feb. 13, 2025) ("declin[ing] to consider" party's "attempts to relitigate the merits of the underlying judgment" on appeal of denial of Rule 60(b) relief).

The arguments would fail, in any event, because, again, none of the cases cited by Franklin has any bearing on his appeal. *Loper Bright* addressed judicial deference to agency interpretations of statutes in rulemakings and other agency actions reviewed under the Administrative Procedure Act; it does not affect this enforcement case, in which a jury found that Franklin violated the securities laws. *Contra*

27

Dkt. 19 at 7. *Aaron* and *Morrison*—both decided decades ago—likewise do not impact Franklin's judgment, *contra* Dkt. 19 at 8: the jury here found that Franklin acted with scienter, as required by *Aaron*, *see, e.g.*, 3-SER-273, and his case involved domestic conduct, rendering *Morrison*'s concern for extraterritorial application of the securities laws irrelevant, *see* 2-SER-71–72. Franklin's belated criticisms of the judgment thus provide no basis for relief.

## III. Franklin's remaining arguments are unavailing.

Finally, Franklin raises several grievances with the district court's conduct in adjudicating his Rule 60(b) motions. Among other things, Franklin contends that the district court violated his due process rights when it: cancelled oral argument shortly after briefing on his motions concluded and decided the motion on the papers (per the district court's Local Rule 7.1(d)(1)), *see* 2-SER-31; failed to expeditiously rule on his motion for leave to file documents electronically; and erroneously stated that he represented himself twenty years ago when in fact he was represented by counsel. Dkt. 9 at 19–22; Dkt. 13 at 3. He also complains that the district court's denial of

28

relief "for all of the reasons set out in Plaintiff's response" was too "cursory." Dkt. 19 at 2–3 (quoting 1-SER-2).

These contentions are meritless. None of Franklin's grievances constitutes a due process violation or an abuse of discretion. *See, e.g.*, *Openiano v. Hartford Life & Annuity Ins. Co.*, 829 F. App'x 829, 831 (9th Cir. 2020) ("Where a district court denies oral argument pursuant to local rule, *see* S.D. Cal. Civ. R. 7.1(d)(1), it neither violates due process nor abuses its discretion . . . ."); *Hubbard v. Sheffield*, 669 F. App'x 443, 444 (9th Cir. 2016) (rejecting "as without merit [plaintiff's] contentions that the local rule prohibiting self-represented litigants from filing electronically violated his due process and equal protection rights"); *Bernal v. S. Pac. Transp. Co.*, 123 F. App'x 295, 297 (9th Cir. 2005) (finding no abuse of discretion in district court's denial of Rule 60(b) relief that allegedly contained "factual errors concern[ing] immaterial matters"); *cf. Anderson v. City of Bessemer City,* 470 U.S. 564, 572 (1985) ("[E]ven when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous."). Nor do they offer any reason to disturb the judgment entered against Franklin twenty years ago.

## CONCLUSION

The Court should affirm the district court's order denying

Franklin's Rule 60(b) motions.

Respectfully submitted,

J. RUSSELL MCGRANAHAN
*General Counsel*

DANIEL STAROSELSKY
*Assistant General Counsel*

/s/ Brooke Wagner
BROOKE WAGNER
*Appellate Counsel*
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C.  20549-9040
(202) 551-5292 (Wagner)
wagnerbr@sec.gov

MARCH 17, 2026

30

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s):  25-4958**

I am the attorney or self-represented party.

**This brief contains <u>5,522</u> words,** including <u>**0**</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Brooke Wagner_____ **Date** __March 17, 2026__
*(use "s/[typed name]" to sign electronically-filed documents)*

## STATEMENT OF RELATED CASES

The Securities and Exchange Commission is not aware of any related cases, as defined by Circuit Rule 28-2.6, pending in this Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.  I further certify that I caused a paper copy to be served via UPS on the following parties:

James Franklin II
Space 124
1212 H Street
Ramona, CA 92065

/s/ Brooke Wagner